**BIRD et al. v. STEIN et al.**

No. 14228.

United States Court of Appeals
Fifth Circuit.

May 8, 1953.

123

Frank E. Everett, Jr., Brunini, Everett, Grantham & Quin, Vicksburg, Miss., for appellants.

H. P. Farish, W. C. Keady and Edward J. Bogen, Farish, Keady & Campbell, Greenville, Miss., for appellees.

Before HOLMES, STRUM, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

The appellants brought this suit to obtain an accounting and discovery from two of their brothers, alleging that one of the brothers, Lawrence Stein, as co-trustee with the appellant Ethel Gold under the will of their father, V. A. Stein, had operated the trust property, a plantation in Mississippi, for his own benefit and had commingled the profits thereof with his own funds. The appellees denied that a trust existed, or that Lawrence Stein ever qualified as trustee under the will of his father. They contended that Lawrence Stein had an agreement with all of the interested parties that he would rent the property from them on a year to year basis; and that, as a matter of law, a trust was not created under his father's will, since their father and mother owned the property as joint-tenants.

The court below held as a matter of law that no trust existed under the will, since the property passed to Sarah Stein, as joint-tenant, upon the death of her husband. The court found as a fact that Lawrence Stein had merely rented the property; and judgment was entered for the defendants.

All the parties involved in this controversy were the children of V. A. and Sarah Stein, who died in 1933 and 1935, respectively. In 1904, they acquired title to a plantation known as "Little Hope" by a deed in which it was stated that the land was conveyed to V. A. Stein and Sarah Stein, "as joint-tenants and not tenants in common." During the last three years of his father's life, 1931–1933, Lawrence claims to have rented the plantation from his father under a verbal lease for $3,000 a year, his mother having nothing to do with the transaction. At one time during his lifetime, the father individually executed a deed of trust covering the farm implements and the livestock and crops grown on the plantation. From 1928 through 1950, the property was assessed on the land rolls as the "V. A. Stein Property."

By a will dated November 26, 1930, V. A. Stein undertook to devise to his wife a life estate in all of his property, with the remainder in trust for his children and two grandchildren, naming his daughter Ethel and son Lawrence as co-trustees of the estate. Soon after making the will, V. A. made a codicil in which he bequeathed all of his personal property to Lawrence. The will was probated, and Ethel and Lawrence qualified as executors. Lawrence did not question the will or ask to be relieved as trustee, but he testified that he continued to rent the estate from his mother on the same basis as during his father's lifetime, allowing her to obtain money as she needed it for doctor's bills, taxes, etc.

From the death of the father to the time of this suit, the insurance which was taken out on the property was written in the name of "Lawrence Stein, individually, and the estate of V. A. Stein." Lawrence accepted benefits under the will, claiming the personal property of the estate as a legacy bequeathed to him in the codicil; and recognizing that, at the time of his father's death, everything went to his mother for her lifetime. He also admitted that he recognized the trust in the will. He independ-

ently executed an oil and gas lease covering a portion of the estate, and signed it in the name of "V. A. Stein, by Lawrence Stein." In testifying with reference to his agreement with the other heirs to rent the property, rather than act as trustee, Lawrence was evasive, being unable to recall definitely when the agreement was made or whether all of the heirs were present at the time.

During the pendency of this suit, and after the defendants had filed their answer, Lawrence and three other heirs filed a suit in the state court to secure a partition of the property, alleging that each child owned a one-eighth interest. It was also stipulated on the trial below that each heir had a one-eighth interest in the estate. The will provided that the trust should become operative upon the death of Sarah, but that no funds were to be paid out during the first three years of the trust The earliest records of any disbursements were those of Lawrence beginning in 1938, three years subsequent to the death of Mrs. Stein. Many of the notations relative to these disbursements were entitled "interest in estate," and from 1938 to 1940 not a single entry was charged to rent. Some of the heirs have received little, if anything, from the estate in the form of rent or otherwise.

In 1939, because of income-tax difficulties, an investigation was made of Lawrence's business records by both the state and federal governments. The federal investigation resulted in settlements being made for all or parts of the taxable years 1935 through 1939 for the "V. A. Stein Trust." The investigator's report, which was signed by the trustee, Lawrence, contained the statement that "deficiencies were fully discussed with Lawrence Stein, Trustee, who agrees to the report"; and the same shows a deduction of over four-hundred dollars as a trustee's commission. During this investigation, various letters were addressed to Lawrence Stein, as trustee of the estate. Beginning in 1941, information returns were annually sent to each heir, containing the words "V. A. Stein Trust."

From the foregoing plain facts and other evidence in the record, we are of the opinion that Lawrence Stein was acting as trustee of the estate as provided under the will, but was commingling the funds of the estate with his own, and was not properly accounting to the beneficiaries of the trust. He at no time formally repudiated the trust, and is estopped to deny its validity. As such fiduciary, he may not derive personal gain from the estate. Furthermore, it is obvious that Sarah Stein accepted the will of her husband as being in force, and made no objection to its probation. Even though the estate which she held under the original deed prior to her husband's death was a joint tenancy, by electing to take under the will, and acquiescing in that part which bequeathed a portion of the property to her son Lawrence, she impliedly released any interest she might have had as a joint-tenant. All of the heirs, including Lawrence, accepted the will as being valid, and the latter complied with its provisions prior to his mother's death. As trustee under the will, Lawrence was under a duty to act solely in the interest of his beneficiaries. Having failed to do so, he has violated the trust, and is obligated to make full and complete accounting and discovery as prayed for in the appellants' complaint.

The judgment appealed from is reversed, and the cause remanded with directions that a full accounting be made, discovery had, a division of the estate effected as the interests of the parties may appear, and judgment rendered against the appellee Lawrence Stein for any amount that may be due to the beneficiaries of the trust.

Reversed and remanded.